M8F6HARC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          13 CR 416(RMB)
                                       Supervised Release
                                       Hearing
TYQUEZ HARRELL,

              Defendant.

------------------------------x
                                       New York, N.Y.
                                       August 15, 2022
                                       10:00 a.m.

Before:

                  HON. RICHARD M. BERMAN,

                                       District Judge

                       APPEARANCES
DAMIAN WILLIAMS,
     United States Attorney for the --
     Southern District of New York
BY:  JACOB FIDDLEMAN
     Assistant United States Attorney

JOHN BURKE
     Attorney for Defendant


Also Present:
YVETTE FARFAN, Probation, EDNY
NOAH JOSEPH, Probation, SDNY
```

1       (The Court and all parties appearing telephonically)

2       THE COURT:  Good morning, everybody.  This is
3  Judge Berman.  We're scheduled this morning for one of our
4  supervised release hearings.  The last hearing was held
5  August 4, 2022.  And I'm making the transcript of the August 4
6  hearing an attachment to today's proceeding as Exhibit A.
7  Supervision, as Christine mentioned, is being conducted in the
8  Eastern District, so in a minute we'll want to hear from
9  probation as to whether there's been any improvement in the way
10 supervised release appears to be going.

11      At least on August 4, at that time, I was under the
12 impression that Mr. Harrell had not attended treatment as of
13 yesterday, which is problematic from my point of view.  I was
14 asking and exploring with probation the possibilities of
15 getting an early intake appointment, and also I was concerned
16 that there was not enough contact, regular weekly contact
17 between probation and Mr. Harrell.  Those are just some of the
18 issues that we talked about.  Employment, of course, was
19 another issue.  And so, perhaps, if we could swear in one or
20 both probation officers, both EDNY and SDNY, Christine.  We
21 could get an update about where things stand.

22      DEPUTY CLERK:  Yes, Judge.  With your permission, I'll
23 swear in both officers at the same time.

24      THE COURT:  Okay.

25      (Probation officers sworn)

1          DEPUTY CLERK:  Thank you.

2          THE COURT:  Good.  Let's start with Officer Farfan
3    from the Eastern District of New York, if that's okay with you.

4          MS. FARFAN:  Good morning.  Mr. Harrell's
5    communication has been greatly improved.  We've been in contact
6    regularly, and I saw him on Thursday.  He was referred to our
7    vocational assistant for assistance in getting his ID, which he
8    did follow-up and did go on the 11th of August.

9          He's working -- he told me at that point he needed to
10   get a $65 money order and would do that that day after our
11   meeting to get an appointment with the judge to get his ID
12   situation taken care of.

13         With regards to treatment, unfortunately, I was not
14   able to obtain an earlier appointment for intake due to
15   Mr. Harrell having missed three prior appointments.  His
16   appointment is still scheduled for the 24th of August at 1:30.
17   I have been calling to see if there's any cancellation, and the
18   provider is aware and that if anyone should cancel, he will be
19   seen sooner than that.

20         THE COURT:  Okay.  And did he get his ID or is he
21   pursuing it?

22         MS. FARFAN:  He's pursuing it.  He was supposed to get
23   a $65 money order to get an appointment.  The place we referred
24   him to also told him if the appointment is too far out, they
25   have connections and they can try to get him sooner in front of

M8F6HARC

1   a judge to get the name change.  However, he's supposed to keep
2   me updated.  That was on Thursday, so I haven't heard back in
3   terms of if he was able to get an appointment.
4           THE COURT:  I see.  Well, in a minute or so, we'll ask
5   him directly.
6           And what's the intake date you currently have?
7           MS. FARFAN:  August 24th at 1:30.
8           THE COURT:  I see.  That's just for the preliminary
9   intake, and thereafter the services would be implemented; is
10  that correct?
11          MS. FARFAN:  Correct.  They complete an assessment and
12  they decide the level of care necessary which would include
13  weekly sessions with the therapist and then they'll start
14  treatment from there.
15          THE COURT:  I got you.  And is that including or is
16  that last comment related to the drug treatment?
17          MS. FARFAN:  It's including both mental health and
18  substance abuse treatment.
19          THE COURT:  I got you.  Okay.  So that's some
20  progress.  Did you want to add anything from SDNY probation's
21  point of view?
22          MS. FARFAN:  Your Honor, you requested a violation
23  report.  I'm going to be working with the Southern District
24  officer to have that submitted to you shortly.
25          THE COURT:  All right.  Well, that is some progress.

1   Before we end today, I am going to give us another date so we
2   can continue to follow up.  But I would like to hear from
3   Mr. Burke.  What's your take on how things are going?
4              MR. BURKE:  So, Judge, this is my take.  Things are
5   taking a turn in a positive direction since August 4.  I have
6   contacted Mr. Harrell on several occasions.  He has also called
7   me.  He's gotten a phone number finally.  Right?  He's got a
8   phone number.  When I spoke to him, he was very excited about
9   getting his name changed worked out.  He was -- he has all the
10  forms together.
11             What it was was one of those unusual things when he
12  was born, he can't have a first name, so they called him
13  M-A-L-E Harrell.  So he started the process.  He's got the
14  forms.  Probation was able to assist him.  It's a $65 court fee
15  as was a question of what date.  And I spoke to Mr. Harrell.
16  They said the court date is too far in the future; they'll
17  arrange to move it up.
18             He's been in a positive frame of mind, Judge.  I
19  explained to him, stay straight, keep it together, and try to
20  get any job you can.  So it really seems, Judge, like he's
21  coming out of a darker place, to a place where he can make some
22  progress.  That's my interpretation, Judge.  So he's certainly
23  doing much better is all I can say.
24             THE COURT:  Good.  So it's my interpretation as well,
25  and one of the reasons that I like to start with a hearing soon

1   after release, because it's a confusing time and it's not that
2   simple, I understand that, to get things organized right off
3   the bat.  And the reason I think that it's especially important
4   is you either get organized in a good way or in a bad way.
5   And, well, just that.  So I'm in agreement with you, Mr. Burke.
6   It sounds much better than things sounded last time we were
7   together.
8              So, Mr. Harrell, what's your take?  How do you think
9   things are going from your point of view?
10             THE DEFENDANT:  I meant, honestly, your Honor -- first
11  of all, good morning to everybody.
12             THE COURT:  Good morning.
13             THE DEFENDANT:  Like, this was honestly -- this all
14  could have been avoided if I would have just taken the
15  initiative in really getting it done.  It wasn't like it was a
16  bunch of complicated things that was set for me to do.  It's
17  not like I needed to lean on my lawyer or my probation officer
18  to get it done for me because I'm not a child.  So I went and
19  did all of this myself.  You feel me?  Because I wanted to come
20  back into Monday showing you that I took the initiative, that
21  it was my wrong, and I was righting my wrongs because it didn't
22  fall on them, my probation officer, my lawyer.  They're not me.
23  I went ahead and got it done.
24             As far as everything else I got done, the name change,
25  got a 65 money order on Thursday.  They have my e-mail, and

1  they said when the next available court date comes up, they'll
2  send me an e-mail.  But my programs my probation officer
3  referred me to the other day that I went to, Ms. Garcia, that I
4  spoke with, she said that if the court date is too far away,
5  that her and her supervisor could take me -- once I found out
6  the court date, could take me and walk me right across the
7  street from her office into the courthouse.  And they got
8  connections, get my name change, and then walk me straight into
9  DMV to get an ID.  As long as they get me a link, and get the
10 Court date if it's too far out, she said in the same day, walk
11 me straight in and get it changed, expedite the process to get
12 me an ID.
13          THE COURT:  Got it.
14          THE DEFENDANT:  Pretty much everything -- you know,
15 just regular communication with my probation officer, showing
16 up on time, taking initiative.  I just wanted to do that myself
17 because it's really on nobody else but me.  And the message you
18 gave me last -- you said to me last week, like, it was conveyed
19 and I received it well.  So that's why I wanted to come into
20 this week doing everything myself.  It's on me, and no one else
21 was going to get it done.  It's mine.
22          THE COURT:  I got it a hundred percent.  I appreciate
23 it, both your taking the initiative, which is really
24 fundamental.  And you sound a hundred percent better, to be
25 honest.  Sounds like you got a plan, and you're implementing

it.  And it is ultimately up to you, but there are a lot of people around, including myself, that are trying to be of help and will continue doing as much as we can to get things organized.  That's really all it is, is getting things organized, getting a phone, getting your name changed, getting an ID.  Really, that's all there is to it.  It turns out to be simpler, I think, and certainly more beneficial to get these things done than not.  And I did hear in your voice you're clear and motivated, and that's all anybody can ask.  So I appreciate it.

How about the U.S. Attorney's Office?  Do you want to add anything, any comments to what we've heard so far this morning?

MR. FIDDLEMAN:  This is Jacob Fiddleman.  Good morning, your Honor.

I have nothing else to add.  I echo the Court and defense counsel's optimism, and I wish Mr. Harrell the best of luck if he continues implementing this plan.

THE COURT:  I think we all do, and I appreciate your input as well.

So, Christine, there may be some information, additional information, it sounds to me like after August 24.  So either the following week, that week, just to make sure that things are moving on track.

And by the way, we're not going to have all these

1  hearings every two weeks unless there's some crisis or
2  something.  So as soon as we get the program implemented,
3  namely the mental health and the drug treatment and the ID, all
4  of that stuff, we can ease up and turn the process over to
5  experts.  So that's what I'm proposing, and that's where I'd
6  like to see things go.
7           So, Christine, what do you think for a date either
8  late August or early September?
9           DEPUTY CLERK:  How is Monday, August 29, at
10 10:00 a.m.?
11          MR. BURKE:  Judge, it's just a scheduling issue,
12 starting a trial tomorrow, picking a jury.
13          THE COURT:  When?
14          MR. BURKE:  Supposedly, Judge, we're going to be down
15 on Friday, September 2.  Any chance of that date?
16          THE COURT:  If we have to, yes, we can do that.  I'm
17 available.  Not all of us necessarily will be, but I think just
18 to have a status hearing.  Let's hear if everybody else is
19 available.
20          First of all, Mr. Harrell, would you be available on
21 September 2?
22          THE DEFENDANT:  Yes, your Honor.  I'll be available.
23          THE COURT:  Okay.  And, Christine, you can put the
24 call together, right?
25          DEPUTY CLERK:  Yes, Judge.

M8F6HARC

1    THE COURT:  And let's see.  How about probation, of
2 course.  Will that work for probation?
3    MS. FARFAN:  Yes, that works for probation, your
4 Honor.
5    MS. JOSEPH:  Noah Joseph.  I will be away at training
6 the week of the 29th, but if everyone else is available, I
7 mean, if it's okay with your Honor, I could just get an update
8 or I can have coverage for update.
9    THE COURT:  Either way, I'm hopeful, and it sounds
10 like from Mr. Harrell that he's moving along, and in a very
11 positive way.  So it may be just a brief hearing, hopefully,
12 and so we can fill you in or you could send somebody if you
13 wish.  It's up to you.  But I think so we don't lose the
14 momentum, we should take that day, even if it's a brief
15 hearing, and take it from there.
16    MS. JOSEPH:  Yes, your Honor.
17    THE COURT:  Ms. Fiddleman, are you okay with that
18 date?
19    MR. FIDDLEMAN:  Yes, your Honor.
20    THE COURT:  All right.  So I think we've got
21 everybody.
22    Mr. Harrell, I appreciate, among everything else, the
23 most positive thing that I've heard is that you are taking
24 responsibility, and that's all anybody can ever ask for, and
25 you'll see how powerful that is for your own benefit too.  So I

M8F6HARC

1   really appreciate your comments.  And I wish you the best of
2   luck, and I'm hoping that things continue in the same direction
3   over the next couple of weeks.
4             THE DEFENDANT:  Thank you.
5             DEPUTY CLERK:  Judge Berman, did you want to set a
6   time perhaps 9:00 a.m. on that date?
7             THE COURT:  Yes, that would be just great.
8             So does anybody want to add anything today?  I'm
9   really very pleased how things are sounding.  We'll talk again
10  on September 2 at 9:00 a.m., and I look forward to it.
11            Do you have any issues?
12            MR. BURKE:  Judge, I want to encourage Mr. Harrell to
13  speak with me and make the August 24 appointment and keep up
14  the good work.
15            THE COURT:  Yep.  I think he's going to do it,
16  Mr. Burke, but we'll find out soon enough.
17            All right, and thank you, Mr. Harrell.  We'll talk
18  again on September 2.  Thank you.
19            THE DEFENDANT:  Thank you, Judge.
20            THE COURT:  Yep.  You got it.
21            (Adjourned)